UNITED STATES DISTRICT COURT
Eastern District of New York

**COMPLAINT**
**JURY TRIAL DEMANDED**

-----------------------------------------------------------------X
IGNACIO ROMERO, EDWIN AREVALO
and ALFONSO ARROYO PERRA,

                Plaintiffs,

-against-

SINGH HOSPITALITY GROUP, INC., RAJ
& RAJ REALTY, LTD., UNITED SERVICE
ASSOCIATES, INC., S.R.B CONVENTION
& CATERING CORP., R.B.S RESTAURANT
INC., B.R.S RESTAURANT INC., S.R.B
CONCESSIONS INC. and H & R
CONVENTION & CATERING CORP.

                Defendants.
-----------------------------------------------------------------X

Civil Action No.:

CV 10- 0515

WALL, M.J.
BIANCO, J.

IGNACIO ROMERO, EDWIN AREVALO and ALFONSO ARROYO PERRA, as and for their complaint, by their undersigned counsel, alleges as follows:

**JURISDICTION AND VENUE**

1. This cause of action, which arises under the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201 et. seq. and is brought by the plaintiffs pursuant to the authority granted by 29 USC Section 211. The Plaintiffs seek compensation and additional equal amount as liquidated damages, as well as counsel fees pursuant to Section 16 (b) of the Fair Labor Standards Act of 1938 [hereinafter "FLSA"].

2.  The Court has subject matter jurisdiction under 28 USC Section (s) 1331, 1337 and 29 USC Section 217.

3.  The Court has in personam jurisdiction over the defendants because at all times material to this cause of action, they were domestic corporations for profit organized and existing under the laws of the State of New York and regularly conduct business in the State of New York. The defendants operate a series of restaurants in the State of New York. Exercise of personal jurisdiction over them does not offend Due Process, the traditional notions of fair play or substantial justice and is proper.

4.  Venue in this district is proper pursuant to 28 U.S.C. Section 1391 (a), as defendants conduct substantial business in this District and are subject to personal jurisdiction within the District.

## PLAINTIFFS

5.  Plaintiffs **IGNACIO ROMERO** [hereinafter "**ROMERO**"], **EDWIN AREVALO** [hereinafter "**AREVALO**"] and **AIFONSO ARROYO PERRA** [hereinafter "**PERRO**"] are former and present employees of the defendant corporations, respectively.

6.  At all times relevant herein, **ROMERO** resided within the district at 171 Catherine Street, Westbury, New York 11590.

7. At all times relevant herein, **AREVALO** resided within the district at 56 Chapel Hill Drive, Brentwood, New York 11717.

8. At all times relevant herein, **PERRA** resided at 339 Leslie Lane, Uniondale, New York 11553.

## DEFENDANTS

9. Defendant Singh Hospitality Group Inc. was and is a domestic corporation, organized and existing under and by the virtue of the laws of the State of New York and maintains a principal place of business at 150 Hicksville Road, Bethpage, New York 11714.

10. Defendant Raj & Raj Realty, Ltd. was and is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York and maintains a principal place of business at 150 Hicksville Road, Bethpage, New York 11714.

11. Defendant United Service Associates, Inc. was and is a domestic corporation, organized and existing under and by virtue of the laws of the State of New York and maintains a principal place of business at 150 Hicksville Road, Bethpage, New York 11714.

12. Defendant S.R.B. Convention & Catering Corp. was an is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and

maintains a principal place of business at 1 Southwoods Road, Woodbury, New York 11797.

13. Defendant R.B.S. Restaurant Inc. was and is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and maintains a principal place of business at 2367 Hempstead Turnpike, East Meadow, New York 11554.

14. Defendant B.R.S. Restaurant Inc. was and is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and maintains a principal place of business at 3340 Wantagh Avenue, Wantagh, New York 11783

15. Defendant S.R.B. Concessions, Inc. was and is a domestic corporation organized and existing under and by the virtue of the laws of the State of New York and maintains a principal place of business at 1 Ocean Parkway, Massapequa, New York 11758.

16. H & R Convention & Catering Corp., is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and maintains a principal place of business at 1431 Old Northern Boulevard, Roslyn, New York 11576.

## CLASS ACTION

17. Plaintiffs bring this action on behalf of themselves and all other persons, similarly in situations pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.

18. The class that plaintiffs represent is composed of all of the workers at the restaurants listed below, who are now or were hourly workers and who have not been paid overtime wages and/or who have been fired for demanding overtime.

19. There are common questions of law and fact affecting the rights of the members of the class who are, were and continue to be underpaid their overtime wages.

20. Upon information and belief, there are in excess of one hundred people affected by the employment practices of this group of restaurant companies that are not properly being paid overtime and/or lost their employment for demanding overtime. These persons are so numerous that joinder of all members is impracticable. A common relief is sought.

21. The interests of this class are adequately represented by plaintiffs. The common interests of the class are such than any interest of the individual members of the class is completely outweighed by the desirability of concentrating the controversy in a single forum. A class action is superior to any other available method for the fair and efficient adjudication of the controversy.

## GENERAL ALLEGATIONS

22. At all times hereinafter mentioned, defendant Singh Hospitality Group is the umbrella group that owns numerous /many restaurants in New York City and Long Island. [hereinafter "the Singh entities]   At al times hereinafter mentioned, the defendants engaged in related activities by managing and controlling separate restaurants, but employing workers in any and all of the entities.

23. The restaurants owned and managed by the Singh Hospitality Group include a numerous upscale restaurants <u>inter alia</u> including Waters Edge located at The East River at 44th Drive, Long Island City, New York; the Delano Mansion located at The Town of Oyster Bay Golf Course, One Southwoods Road, Woodbury, New York; The Woodlands, located at Singletons, located at 1500 Hicksville Road, Bethpage, New York; Thom Thom Steaks and Seafood, located at 3340 Wantagh Avenue, Wantagh, New York; Ruby's Famous BBQ Joint, located at 2367 Hempstead Turnpike, East Meadow, New York and Poco Loco & Roslyn Fish Co., located at 1431 Old Northern Boulevard, Roslyn, New York 11576.

24. Upon information and belief, at all times hereinafter mentioned, Raj & Raj Realty, Ltd. was conducting business as a restaurant commonly known as Singleton's and United Service Associates located at 150 Hicksville Road, Bethpage, New York.

25. Upon information and belief, at all times hereinafter mentioned, SRB Convention and Catering Corp., was operating restaurants and/or catering facilities doing business as the

Woodlands and The Delano Mansion located at 1 Southwoods Road, Woodbury, New York.

26. Upon information and belief, at all times hereinafter mentioned, RBS Restaurant Inc. was operating a restaurant conducting business as Ruby's Famous BBQ Joint, located at 2367 Hempstead Turnpike, East Meadow, New York 11554.

27. Upon information and belief, at all times hereinafter mentioned, BRS Restaurant Inc. was operating a restaurant conducting business as Thom Thom's Steak and Seafood located at 3340 Wantagh Avenue, Wantagh, New York.

28. Upon information and belief, at all times hereinafter mentioned, SRB Concessions Inc. was operating a restaurant doing business as Singleton's Seafood Shack, located at 1 Ocean Parkway, Massapequa, New York.

29. Upon information and belief, at all times hereinafter mentioned, H&R Concessions Inc. was operating a restaurant doing business as Poco Loco and Roslyn Fish located at 1431 Old Northern Boulevard, Roslyn, New York 11576.

30. At all times hereinafter mentioned, the defendants have been engaged in related activities performed either through unified operations or and common control for a common business purpose and therefore constitute an enterprise within the meaning of 29 USC Section 203.

31. The defendants are engaged in the business of owning, operating, and / or managing restaurants and, or catering businesses. The defendants advertise for and receive business and customers through interstate commerce. The defendants purchase and use supplies <u>inter alia</u> approximately food and supplies from interstate commerce.

32. Upon information and belief, the Singh entities have gross sales in excess of one hundred million dollars annually and have in excess of one hundred hourly workers who are not receiving overtime.

33. At all times hereinafter mentioned, plaintiff **ROMERO** was employed by defendants working as part of the kitchen staff since August 2007. He was an hourly wage worker earning $10 an hour. He was wrongfully and wilfully subjected to a retaliatory discharge when he demanded lawful compensation for his claims.

34. At all times hereinafter mentioned, plaintiff **AREVALO** was employed by defendants working as part of the kitchen staff since March 2007. He was an hourly wage worker earning $13 an hour. He was wrongfully and wilfully subjected to a retaliatory discharge when he demanded compensation for his claims.

35. At all times hereinafter mentioned, plaintiff **PERRA** was employed by defendants working as part of the kitchen staff. He was an hourly wage worker earning $9 hour. Upon information and belief, he began working for the defendants in June 2008 and is still employed there.

36. The plaintiffs herein were required to work at various and changing shifts at the various Singh entities well in excess of eighty (80) hours per week. The plaintiffs, like all other hourly workers at the defendant restaurants, did not receive overtime compensation.

37. The defendants failed and refused to compensate the plaintiffs for the hours worked in excess of the applicable maximum weekly hours at the minimum rate of one and one-half times their regular hourly rate as provided by the FLSA.

38. The defendants compelled the hourly workers, most of whom are Hispanic to sign An illegal confidentiality waiver where they were illegally and unlawfully prohibited from seeking to enforce their rights and/or publicize their grievances. The plaintiff were also required to sign that they would not work in competing restaurants for a period of five years.

## FIRST CAUSE OF ACTION

## FEDERAL FLSA

39. The plaintiffs hereby incorporate each and every allegation contained in paragraphs 1 through 38 .

40. This enterprise has employees engaged in commerce or in the production of goods for commerce.

41. The restaurants in questions conduct extensive advertising for interstate commerce and

prepare restaurant and catering services for interstate commerce.

42. The employees of this enterprise are subject to the provisions of the Fair Labor Standards Act.

43. Since at least August 2007, defendants have repeatedly violated the provisions of 29 USC 207 and 29 USC 215 by employing employees in an enterprise engaged in commerce for workweeks longer than 40 hours without compensating these employees for their employment in excess of 40 hours at rates not less than one and one half times the regular rates at which they were employed.

44. Since at least August 2007, the defendants have repeatedly violated the provisions of 29 USC 212 and 215 and the Regulations set out at 29 CFR 516 by failing to make, keep and preserve adequate and accurate records of persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in these regulations..

45. Pursuant to Section 7A Subdivision 3 of the FLSA, the defendant was and is required to pay the plaintiffs for overtime work at a rate of pay equal to one and one times the plaintiffs regular rate of pay.

46. The defendants have violated the provisions of the Act by refusing, neglecting, and failing to pay the plaintiffs the overtime pay to which they are entitled.

47. As alleged above, the defendants engaged the plaintiffs in commerce and in the production of food products for commerce within the meaning of the Act. The plaintiffs regularly worked approximately 40 hours a week overtime, in excess of the 40 hours each week for which they were entitled to and should have been paid at one and one-half times the regular rate of pay for the overtime hours.

48. The defendant wilfully violated the provisions and requirements of the Act by failing and refusing to compensate the plaintiff at the overtime rate, for the overtime hours which the plaintiff worked. The overtime pay due the plaintiff from the plaintiff should be determined at the time of trial together with liquidated damages and attorneys fees.

## JURY DEMAND

49. Plaintiffs demand a trial by jury on all issues.

## PRAYER FOR RELIEF

50. Plaintiff requests judgment:

   A. Permanently enjoining defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of the Act.

   B. Certifying a class of workers to recover the amount of overtime, liquidated

damages and attorneys fees for which they are entitled.

C. That plaintiffs individually, and those in the class, be entitled to receive back pay for overtime worked pursuant to the FLSA

D. That plaintiffs individually, and those in the class, be entitled to liquidated damages pursuant to the FLSA

E. For reasonable costs, disbursements and attorneys fees

F. For such further relief that the court deems just and proper.

Dated: Carle Place, New York
       January 27, 2010

Very truly yours,
LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: _____
Ellen Zweig, Esq.
One Old Country Rd, Suite 270
Carle Place, New York 11514
(516)294-3300