**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
IGNACIO ROMERO, EDWIN AREVALO,
ALFONSO ARROYO PERRA, HENRY VASQUEZ
and RICARDO ANAYA

                Plaintiff,                        **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE TO PLAINTIFFS' AMENDED COMPLAINT**

          -against-

                                                    Civil Action No: CV-10-0515

SINGH HOSPITALITY GROUP INC, RAJ & RAJ
REALTY LTD, UNITED SERVICE ASSOCIATES
INC., S.R.B. CONVENTION & CATERING
CORPORATION, R.B.S. RESTAURANT INC.,
B.R.S. RESTAURANT INC., S.R.B. CONCESSIONS
INC AND H & R CONVENTION & CATERING CORP

                Defendants.
-------------------------------------------------------------------X

**DEFENDANT SINGH HOSPITALITY GROUP INC, RAJ & RAJ REALTY LTD, UNITED SERVICE ASSOCIATES INC., S.R.B. CONVENTION & CATERING CORPORATION, R.B.S. RESTAURANT INC.,B.R.S. RESTAURANT INC., S.R.B. CONCESSIONS INC AND H & R CONVENTION & CATERING CORP**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

DEFENDANT SINGH HOSPITALITY GROUP INC ("Singh") , RAJ & RAJ REALTY LTD, UNITED SERVICE ASSOCIATES INC., S.R.B. CONVENTION & CATERING CORPORATION, R.B.S. RESTAURANT INC.,B.R.S. RESTAURANT INC., S.R.B. CONCESSIONS INC AND H & R CONVENTION & CATERING CORP., states as follows for its Answer and Affirmative Defenses to the Amended Complaint filed by plaintiffs IGNACIO ROMERO ("Romero"), EDWIN AREVALO ("Arevalo"), ALFONSO ARROYO PERRA. ("Arroyo"), HENRY VASQUEZ ("Vasquez") and RICARDO ANAYA ("Anaya").

## ANSWER

## JURISDICTION AND VENUE

FIRST:   With respect to Paragraph 1, Singh admits that Plaintiffs have brought a claim against Singh for violations of federal and state minimum wage and overtime laws arising out of Plaintiffs' employment at the Singh Group but denies that Plaintiffs' claim is valid.

SECOND.   With respect to Paragraph 2, Singh leaves all matters of law for this Honorable Court.

THIRD:   With respect to Paragraph 3, Singh leaves all matters of law for this Honorable Court.

FOURTH:   With respect to Paragraph 4, Singh leaves all matters of law for this Honorable Court.

## PLAINTIFFS

FIFTH:   With respect to Paragraph 5, Singh admits that Plaintiffs are former and present employees of Singh Corporations.

SIXTH:   With respect to Paragraph 6, Singh admits the allegation.

SEVENTH:   With respect to Paragraph 7, Singh admits the allegation.

EIGHTH:   With respect to Paragraph 8, Singh admits the allegation.

NINTH:   With respect to Paragraph 9, Singh admits the allegation.

TENTH:   With respect to Paragraph 10, Singh admits the allegation.

## DEFENDANTS

ELEVENTH:   With respect to Paragraph 11, Singh admits the allegation.

TWELFTH:   With respect to Paragraph 12, Singh admits the allegation.

THIRTEENTH:   With respect to Paragraph 13, Singh admits the allegation.

FOURTEENTH:   With respect to Paragraph 14, Singh admits the allegation.

2

FIFTEENTH:  With respect to Paragraph 15, Singh admits the allegation.

SIXTEENTH:  Singh admits the allegation in Paragraph 16.

SEVENTEENTH:  Singh admits the allegation in Paragraph 17.

EIGTEENTH:  Singh admits the allegation in Paragraph 18.

## CLASS ACTION

NINETEENTH:  Singh neither denies nor admits the allegation in Paragraph 19.

TWENTIETH:  Singh denies the allegations in Paragraph 20.

TWENTY FIRST:  Singh leaves all questions of law to this Honorable Court as to the allegations in Paragraph 21.

TWENTY SECOND:  Singh denies the allegations in Paragraph 22.

TWENTY THIRD:  Singh leaves all questions of law to this Honorable Court as to the allegations in Paragraph 23.

## GENERAL ALLEGATIONS

TWENTY FOURTH:  Singh admits the allegation in Paragraph 24.

TWENTY FIFTH:  Singh admits the allegation in Paragraph 25.

TWENTY SIXTH:  Singh admits the allegation in Paragraph 26.

TWENTY SEVENTH: Singh denies the allegation in Paragraph 27.

TWENTY EIGHTH:  Singh admits the allegation in Paragraph 28.

TWENTY NINTH:  Singh admits the allegation in Paragraph 29.

THIRTHIETH:  Singh admits the allegation in Paragraph 30.

THIRTY FIRST:  Singh admits the allegation in Paragraph 31.

THIRTY SECOND:  Singh admits the allegation in Paragraph 32.

THIRTY THIRD:  Singh admits the allegation in Paragraph 33.

THIRTY FOURTH:  Singh denies the allegation in Paragraph 34.

THIRTY FIFTH: Singh denies the allegation in Paragraph 35.

THIRTY SIXTH: Singh denies the allegations in Paragraph 36.

THIRTY SEVENTH: Singh admits the allegation in Paragraph 37.

THIRTY EIGHTH: Singh admits the allegation in Paragraph 38.

THIRTY NINTH: Singh admits the allegation in Paragraph 39.

FOURTIETH: Singh denies the allegation in Paragraph 40.

FOURTY FIRST: Singh denies the allegation in Paragraph 41.

FOURTY SECOND: Singh denies the allegation in Paragraph 42.

## **FIRST CAUSE OF ACTION**

FOURTY THIRD: Singh admits the allegation in Paragraph 43.

FOURTY FOURTH: Singh admits the allegation in Paragraph 44.

FOURTY FIFTH: Singh admits the allegation in Paragraph 45.

FOURTYSIXTH: Singh admits the allegation in Paragraph 46.

FOURTYSEVEN: Singh denies the allegation in Paragraph 47.

FOURTYEIGHTH: Singh denies the allegation in Paragraph 48.

FOURTY NINTH: Singh does not have sufficient information to form a belief as to the allegation in Paragraph 49.

FIFTIETH: Singh denies the allegation in Paragraph 50.

FIFTY FIRST: Singh denies the allegation in Paragraph 51.

FIFTY SECOND: Singh denies the allegation in Paragraph 52.

## AFFIRMATIVE DEFENSES

FIRST: Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have unclean hands.

SECOND: Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate their damages, if any.

THIRD: Plaintiffs claims are barred, in whole or in part, by the doctrine of laches.

FOURTH: Plaintiffs claims are barred, in whole or in part, by the doctrine of estoppel.

FIFTH: Singh asserts the right to add additional and separate defenses which may become known through ongoing discovery.

SIXTH: Singh demands a trial by jury.

WHEREFORE, Singh respectfully requests that the Court: (a) award it judgment in its favor and against Plaintiffs on all claims; (b) award it its attorneys' fees and costs of suit; and (c) award it such other and further relief as the Court deems just and proper.

Dated: October 10, 2010

        Respectfully submitted,

        JOSEPH R. CONWAY

        /s/

        Joseph R. Conway
        LaRusso & Conway
        300 Old Country Road, Suite 341
        Mineola, NY 11501
        (516) 248-3520

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
IGNACIO ROMERO, EDWIN AREVALO,
ALFONSO ARROYO PERRA, HENRY VASQUEZ
and RICARDO ANAYA

                                      Plaintiff,

        -against-

                                                                     Civil Action No: CV-10-0515

SINGH HOSPITALITY GROUP INC, RAJ & RAJ
REALTY LTD, UNITED SERVICE ASSOCIATES
INC., S.R.B. CONVENTION & CATERING
CORPORATION, R.B.S. RESTAURANT INC.,
B.R.S. RESTAURANT INC., S.R.B. CONCESSIONS
INC AND H & R CONVENTION & CATERING CORP

                                    Defendants.
-------------------------------------------------------------------X

---

### AMENDED COMPLANT

---

                                  Law Office of LaRusso and Conway

                                        Attorneys for Defendants


                     By:_____

                              Joseph R. Conway
                              LaRusso & Conway
                              300 Old Country Road, Suite 341
                              Mineola, NY 11501
                              (516) 248-3520